Barnard, P. J.
There were two questions presented by the evidence upon the trial which were the subject of dispute. The action was for goods sold, and the answer denied the purchase. By the evidence it was shown upon the part of the plaintiff that the defendant, through one Lockwood, examined personally -certain brick in plaintiff’s yard, and kiln, and pronounced them sufficient for the purpose of his principal. That the plaintiff refused to sell subject to inspection at any other place than their yard, and demanded that any inspection needed must be made there. That the contract was finally closed, and that the defendant was to send boats for the brick, and that the brick were to be delivered upon the boats. Five boat loads were thus delivered, consuming about a week’s time, and after the cargos arrived at Port Oram where the vessels carried them, the defendant notified the plaintiff that the brick were not of good quality and refused to receive them. Mr. Lockwood and Mr. Van Houghten, who, on one occasion, accompanied Lockwood to plaintiff’s yard during the negotiations, both testified very differently.
*626 Their evidence tended to show that the brick were to be-good, hard brick, and they were not to be subject to government inspection, although they were to be used in government work; that if the brick were good they would be accepted. Upon both these disputed questions the jury found for the plaintiff, and the findings are more in accordance with the probability than contrary findings.
The brick in large quantities are very bulky and difficult- • to handle, and it may well be doubted whether the plaintiff would send the brick subject to inspection and, possibly, rejection, thereby entailing great costs of freight, wharf a geaud labor. Especially is this unlikely when the size of the briclc was admittedly less than the government was using. The purchasing agent testified that he said to plaintiff that, the size made no difference, as he had had substantially a similar size to plaintiff’s brick accepted by the government two years before. The plaintiff stated the size of their brick in respect to government work “was impossible.’7" The plaintiff’s narrative seems entitled to credence, and if it were otherwise, upon an appeal, the verdict of a jury will stand, unless the finding is unreasonably against the evidence. The introduction of the letters between the parties-was proper. It was part of the negotiation for the sale, and all were written before the final delivery of the brick. It was competent to prove what was covered in the trade by the term quoted, “good, hard brick.”
There was no evidence upon which to base a request to* charge that an acceptance merely or examination was no acceptance to complete a sale void by the statute of frauds. There was no proof of a right to inspect away from plaintiff’s yard, and the charge that there must be an acceptance was correct.
The judgment should be affirmed, with costs.
Pratt, J., concurs.